IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ABRAHAM CRUZ, : CIVIL ACTION NO. **1:CV-12-1403**
:
    Plaintiff : (Judge Rambo)
: (Magistrate Judge Blewitt)
:
v. :
:
FRANKLIN COUNTY JAIL, *et al.*, :
:
    Defendants :

## **REPORT AND RECOMMENDATION**

**I. Background.**

On July 20, 2012, Plaintiff Abraham Cruz, formerly an inmate at the Franklin County Jail, Chambersburg, PA, and presently an inmate at the Manhattan Correctional Center ("M.C.C.-New York"), NY, filed, *pro se*, this civil rights action under 42 U.S.C. § 1983.[1] (Doc. 1). Plaintiff named the following three (3) Defendants in his Complaint: Daniel Keen, Warden of the Franklin County Jail; Dominick L. DeRose, Warden of the Dauphin County Prison; and the unnamed Warden of the Allegheny County Prison.

Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* on July 30, 2012, which was not the proper form. (Doc. 4). On August 16, 2012, we issued an Order directing the Clerk

---

[1] Plaintiff's Complaint was improperly docketed by the Clerk of Court as a "Petition for Habeas Corpus." However, Plaintiff's Complaint was submitted on a "Form to be Used by a Prisoner in a Civil Rights Complaint" and, on the face of the form Civil Rights Complaint, Plaintiff clearly indicated that his Complaint was filed pursuant to 42 U.S.C. § 1983. Also, since Plaintiff was seeking money damages for alleged violations of his constitutional rights, we construed his Complaint as a §1983 civil rights action. Thus, we directed the Clerk of Courts to correct the docket to reflect that this case was a civil rights action under 42 U.S.C. §1983.

of Court to issue a 30-Day Administrative Order for a civil rights case, and on the same day, a 30-Day Administrative Order for a civil rights case was issued and Plaintiff was directed to file the proper civil rights Motion for Leave to Proceed *in forma pauperis*. (Docs. 6 & 7). Plaintiff filed the proper civil rights Motion for Leave to Proceed *in forma pauperis* on August 24, 2012. (Doc.16).

Additionally, on August 21, 2012, Plaintiff filed a 1-sentence Motion to Change Venue with attached exhibits[2] and a 1-sentence Motion for Appointment of Counsel. (Docs. 9 & 10). Plaintiff further filed a Motion to Oppose Deleted Inappropriate 30-Day Administrative Order directing him to file the §1983 Motion for Leave to Proceed *in forma pauperis*. (Doc. 14). Plaintiff stated that his case was a 28 U.S.C. §2254 habeas petition and not a 42 U.S.C. §1983 civil rights action, and thus his original Doc. 4 Motion for Leave to Proceed *in forma pauperis* for a habeas petition was the proper form.

We then screened Plaintiff's Complaint in accordance with the Prisoner Litigation Reform Act. On August 29, 2012, we issued a Repot and Recommendation and recommended as follows:

1. Plaintiff's Complaint (**Doc. 1)** be **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's Motion to Change Venue (**Doc. 9)** be granted with respect to all of Plaintiff's claims arising in Allegheny County and that Plaintiff be directed to file all of his claims arising in Allegheny County in the U.S. District Court for the Western District of Pennsylvania.

---

[2]Plaintiff's exhibits attached to his Doc. 9 Motion for Change of Venue included a copy of a photo of Plaintiff, a Federal Protective Service Report dated August 8, 2011, filed against Plaintiff for disorderly conduct at the Harrisburg, PA, Social Security Administration Office, and a proposed Order in a federal criminal case against Plaintiff, *USA v. Cruz*, 11-CR-00242, M.D. Pa., regarding Cruz's motion for continuance of his trial.

3. Plaintiff's Motion for Appointment of Counsel **(Doc. 10**) be denied.

4. Plaintiff's Motion to Oppose Deleted Inappropriate 30-Day Administrative Order directing him to file the §1983 Motion for Leave to Proceed *in forma pauperis* **(Doc. 14)** be denied.

5. Plaintiff's *in forma pauperis* Motion **(Doc. 16)** be granted.

(Doc. 18).

On September 11, 2012, the Court adopted our R&R. (Doc. 20). The Court dismissed without prejudice Plaintiff 's original Complaint (Doc. 1) and directed Plaintiff to file an amended Complaint by October 11, 2012, consistent with our R&R.

On October 1, 2012, Plaintiff filed two largely incomprehensible Motions, the first one styled as "Motion to Discovery of Decision, Re-evaluation and Reconsideration of Habeas Corpus Case" and as a "Motion to Amend Complaints for Separation of Cases." (Doc. 21). Plaintiff 's second Motion was styled as "Motion to Adjoin Complaint" and as a "Motion to Amended Complaints for Separation of Cases." (Doc. 22). In both his Docs. 21 and 22 Motions, Plaintiff appeared to request that the Court reconsider its decision and to hold that his action is a habeas petition under 28 U.S.C. §2254 and §2241, and to accept his $5.00 filing fee, with respect to what he refers to as his Dauphin County criminal case, 11-CR-242, in which he stated that he is awaiting judgment and that he has over 27 days until he is sentenced. Plaintiff seemed to disagree with the Court's finding that his action is a §1983 civil rights action. Plaintiff 's exhibit attached to his Doc. 22 Motion, p. 4, indicated that Plaintiff 's criminal case is actually in the U.S. District Court for the Middle District of PA, Crim. No. 1:-11-CR-242, and not in Dauphin County Court. Plaintiff 's criminal docket indicates that Plaintiff was found guilty by a jury on April 3, 2012, in Crim. No. 1:-

3

11-CR-242, M.D. PA, and that he is waiting to be sentenced. Plaintiff has until November 21, 2012, to file objections to the Pre-Sentence Report. No sentencing date for Plaintiff has been set.

As we stated in our Doc. 18 R&R, after Plaintiff is sentenced in his pending criminal case, which we now know is in the U.S. District Court for the Middle District of PA and not in Dauphin County Court, he can raise his claims implicating relief that may alter the term of his confinement in prison, such as his claim that he was improperly found guilty by default in his federal criminal case, in a §2241 habeas petition with this federal court after he exhausts his federal court remedies and his BOP administrative remedies. It was clear from Plaintiff 's averments in his Docs. 21 and 22 Motions that he is awaiting to be sentenced in his federal Middle District of PA criminal case, and his Middle District of PA criminal docket indicates that he is, and that he will then have the ability to file appeals with the federal courts regarding his judgment of conviction and sentence. This Court has determined that Plaintiff 's present action is proceeding as a §1983 civil rights action. As the Court has found, a habeas petition by Plaintiff challenging his pending criminal case is premature. Also, since it now appears that Plaintiff is attempting to challenge, in part, his federal court conviction, a §2254 habeas petition does not apply to Plaintiff since he is not challenging a state court judgment of conviction. Plaintiff will be able to file appeals with the U.S. District Court for the Middle District of PA and the Third Circuit Court of Appeals after he sentenced in Crim. No. 1:-11-CR-242. He may also be able to file a Motion to Vacate Sentence under 28 U.S.C. §2255. Regardless, a habeas petition by Plaintiff at this stage of his Middle District of PA criminal case is premature since he has not yet been sentenced in this case. Also, the Court has found that Plaintiff 's instant action is a civil rights action challenging his past conditions of confinement in Franklin

County Prison and Dauphin County Prison.

Plaintiff also inquired in his Docs. 21 and 22 Motions as to why his case was not considered as a civil rights action against federal officials under 28 U.S.C. §1331 in addition to his action under §1983. Since Plaintiff has not named any federal officials as Defendants and since he was deemed as challenging the conditions of his former confinement at Franklin County Jail and at Dauphin County Jail, his action was found to be a civil rights action under §1983. *See Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009).

Thus, on October 2, 2012, we issued an Order and denied Plaintiff's Doc. 21 Motion and his Doc. 22 Motion. (Doc. 23). However, it appeared from the docket in this case that the Court's October 2, 2012 Order was returned as undeliverable to Plaintiff at his place of former confinement at the Federal Detention Center, Philadelphia, PA. (Doc. 25). On October 11, 2012, Plaintiff filed a notice of change of address indicating that he was presently confined at M.C.C.-New York. (Doc. 24).

As stated, Plaintiff was directed by the Court to file an Amended Complaint by October 11, 2012, consistent with our Doc. 18 R&R. Based on the stated circumstances, we issued an Order on October 23, 2012, and directed the Clerk of Court to re-mail Plaintiff a copy of the Court's Doc. 23 Order at his new address. We also directed Plaintiff to file his Amended Complaint by November 5, 2012, consistent with our Doc. 18 R&R. We thus gave Plaintiff a two-week extension of time to file his Amended Complaint.

On November 9, 2012, Plaintiff filed his Amended Complaint. **(Doc. 27)**. Plaintiff also filed two more Motions for Appointment of Counsel. **(Docs. 28 & 29**). Further, Plaintiff filed another "Motion to Amend and Adjoin." (**Doc. 30)**. On November 16, 2012, Plaintiff filed a 2-page document entitled "Habeas Corpus" with attachments. **(Doc. 31).**

We now screen Plaintiff's Amended Complaint as we are required to do under the Prisoner Litigation Reform Act.

**II.    STANDARDS OF REVIEW.**

*A.    PLRA*

As stated, the Plaintiff has filed a Motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and the Court granted it on September 11, 2012. (Docs. 16 & 20). The Prison Litigation Reform Act of 1995,[3] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[3] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

### B. *42 U.S.C. § 1983*

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's

claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208. The Court uses the motion to dismiss standard in screening a Complaint.

### C. *MOTION TO DISMISS*

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578

8

> F.3d 203 (3d Cir.2009).
>
> > [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
>
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

## III. DISCUSSION.

We find that Plaintiff's Amended Complaint is entirely incomprehensible and is not in compliance with our Doc. 18 R&R. Plaintiff again appears to name the following Defendants: Franklin County Jail; Dauphin County Prison; and the Allegheny County Prison. (Doc. 27, p. 1). As stated, the Court has previously dismissed all of Plaintiff's claims arising in the Allegheny County Prison and directed Plaintiff to file these claims in the U.S. District Court for the Western District of Pennsylvania. (Doc. 20). Further, insofar as Plaintiff again

names Franklin County Jail and Dauphin County Prison as Defendants in his Amended Complaint, it is well-settled that a county prison is not a proper Defendant in a §1983 civil rights action.

We find that Defendants Franklin County Jail and Dauphin County Prison should be dismissed from this action because "a prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." *Ayers v. Bradford County*, 2009 WL 801867, *5 (M.D. Pa. 3-25-09). In *Ayers*, the Court stated:

> Ayers is unable to maintain the action against BCCF [Bradford County Correctional Facility] because a prison or correctional facility is not a "person" that is subject to suit under federal civil rights laws. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *see Slagle v. County of Clarion,* 435 F.3d 262, 264 n. 3 (3d Cir.2006) (affirming on other grounds and observing that "[t]he District Court dismissed Clarion County Jail as a defendant in this case, stating 'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws' "); *Kelly v. York County Prison,* No. 08-1813, 2008 WL 4601797, at *2 (M.D.Pa. Oct.15, 2008) (noting that a "prison or correctional facility is not a person within the meaning of § 1983" and "the York County Prison is clearly not a person and may not be sued under § 1983"). Jackson v. Pennsylvania, No. 08-1297, 2008 WL 4279544, at *1 (M.D.Pa. Sept.11, 2008) (holding that a county prison is not a "person" within the meaning of § 1983); *Meyers v. Schuylkill County Prison,* No. 04-1123, 2006 WL 559467, at *8 (M.D.Pa. Mar.7, 2006) (holding same). BCCF has no existence apart from the government and cannot be considered a person for purposes of maintaining a civil rights action.

Thus, we will recommend that Defendants Franklin County Jail and Dauphin County Prison be dismissed from this action with prejudice. Also, insofar as Plaintiff has named Franklin County Jail and Dauphin County Prison as Defendants, we find that Plaintiff must raise claims against Franklin County and Dauphin County under *Monell*. *See Barr v. County*

*of Clarion*, 2010 WL 678512 (W.D. Pa. 2-23-10)(Plaintiff's claim against county Probation and Parole Office may be asserted against County under *Monell*).

Based upon the above, we find that the Court should not allow Plaintiff to file a second Amended Complaint with respect to his claims against Defendants Franklin County Jail and Dauphin County Prison, since we find it would be futile. *See Ayers*, *supra*. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile or inequitable to Defendants. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002). *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

Additionally, we do not find that Plaintiff has stated a claim against Franklin County and Dauphin County under *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, even if Plaintiff named Franklin County and Dauphin County as Defendants in this case, and he did not, we find that Plaintiff has not properly stated an Eighth Amendment constitutional claim under *Monell* against these counties. Franklin County and Dauphin County cannot be held liable for the conduct of persons they supervise, such as prison officials, pursuant to *respondeat superior*. *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9 (M.D. Pa.).[4] Rather, Franklin County and Dauphin County "[are] subject to liability [in a §1983 action] to the extent [they] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional

---

[4] *See also Mangus v. DCP*, 2010 WL 521114, *8-*6 (M.D. Pa.); *Brickell v. Clinton County Prison Bd.*, 658 F.Supp. 2d 621, 626-27 (M.D. Pa. 2009).

violation." *Id.* (citation omitted). In *Mangus*, the Court stated:

> With respect to such institutional defendants it is clear that:
>
> [A] County cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior. *See Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, [a plaintiff] must demonstrate that the violation of his rights was caused by either a policy or a custom of the [county]. *See Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir.1996).
> *Berg v. County of Allegheny,* 219 F.3d 261, 275 (3d Cir.2000).

2010 WL 521114, *3.

No such custom or policy is specifically alleged by Plaintiff with respect to Franklin County and Dauphin County. Plaintiff does not make any allegations as described above against Franklin County and Dauphin County necessary to make them subject to liability in this case. Based on *Malles and Meyers*, as well as *Magnus*, we find Plaintiff's allegations in his Amended Complaint do not sufficiently state that Franklin County and Dauphin County caused any alleged constitutional violation by any prison official by having customs, policies, practices and procedures, and how these policies gave rise to the violation of his rights.

Also, we again find that Plaintiff failed to state the personal involvement of any proper individual Defendant employed by Franklin County and Dauphin County with respect to any constitutional claims. It is not even clear from Plaintiff's Amended Complaint which constitutional rights he alleges were violated and what any proper state actor Defendant personally did to cause the violation. Insofar as Plaintiff appears to now allege that he is being held at M.C.C.-New York with "no bond, no bail, no contact-

12

incommunicado," no phone, no visit, no correspondence (no mail with family and friends), Doc. 27, pp. 2-3, and that an "unstipulated (sic) or late assigned Pre-Sentence Instigation (P.S.I.) is not enough to hold [him] incommunicado," Doc. 27, p. 4, we will recommend that Plaintiff's Amended Complaint be dismissed without prejudice to file a Complaint in the U.S. District Court for the Eastern District of New York against the M.C.C.-New York officials who were personally involved with his Eighth Amendment conditions of confinement claims.[5] We find that venue is proper in the U.S. District Court for the Eastern District of New York regarding Plaintiff's claims arising in M.C.C.-New York.

As stated above and as stated in our Doc. R&R, in order to properly state a constitutional claim in a § 1983 action, a Plaintiff must allege personal involvement of each Defendant. However, in this instant matter, Plaintiff has again failed to allege any personal involvement of any of state actor Defendant. He has again failed to provide the Court with any facts supporting a cognizable constitutional claims, and his claims are again not clearly stated. In fact, Plaintiff's present claims in his Amended Complaint are not understandable, such as his claim in ¶ 17, namely, "No Congressional Pleisbicit (sic) in Violation of Fourth (4th) Amendment (Searches and Seizures)" and other constitutional violations with respect to " hold incommunicado, no phone, no visits, no mail (correspondence) from family and friends, to kidnap, to secuumb (sic) and sequester. . . it's illegal." (Doc. 27, pp. 4-5).

---

[5]As stated above, in Plaintiff 's pending U.S. District Court for the Middle District of PA, Crim. No. 1:-11- CR-242, the criminal docket indicates that Plaintiff was found guilty by a jury on April 3,2012, and that he is waiting to be sentenced. Plaintiff has until November 21, 2012, to file objections to the Pre-Sentence Report. No sentencing date for Plaintiff has been set.

13

The Supreme Court in *Iqbal* repeated the personal involvement necessary in a §1983 action. In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court, citing *Iqbal*, stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
>
> "Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly,* 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).

We find that Plaintiff's Amended Complaint, like his original Complaint, lacks sufficient allegations as to any properly named Defendant, and that it fails to state what any state actor Defendant personally did to violate Plaintiff's constitutional rights and how he or she was personally involved in the stated challenged restrictions placed on Plaintiff.

Therefore, based on the lack of factual information and personal involvement of a proper Defendant, we will recommend that Plaintiff's Amended Complaint be dismissed with prejudice, since the Court has already allowed Plaintiff to file an amended pleading and he has failed to correct any of the deficiencies found by the Court in his original Complaint. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it would be futile or inequitable to Defendants. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). We now find that it would be futile to allow Plaintiff to file a second Amended Complaint.

Additionally, as stated, on November 16, 2012, Plaintiff filed a 2-page document entitled "Habeas Corpus" with attachments. **(Doc. 31).** Plaintiff incorrectly refers to his present action as a "Habeas Corpus Case" under both §2241 and §2254. **(Doc. 31).** Plaintiff states that he is now confined at M.C.C.-New York "on other evaluations for the Court[] of the Middle District of Harrisburg, Pennsylvania on case #1:11-CR 0242." Plaintiff states that the other county prisons in which he was confined did not identify him. Plaintiff's attachments include his Motion to Extend the time to file Objections to his Pre-Sentence

Report in his criminal case pending with the U.S. District Court for the Middle District of Pennsylvania, namely, case #1:11-CR 0242. As stated above, Plaintiff has until November 21, 2012, to file objections to the Pre-Sentence Report. No sentencing date for Plaintiff has been set. Also, as mentioned, after Plaintiff is sentenced in his pending criminal case, he can raise his claims implicating relief that may alter the term of his confinement in prison, such as his claim that he was improperly found guilty by default in his federal criminal case, in a §2241 habeas petition with this federal court after he exhausts his federal court remedies and his BOP administrative remedies. Further, Plaintiff must file any §2241 habeas petition with the federal court in the district in which he is confined. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

Thus, we will recommend that Plaintiff filed a 2-page document entitled "Habeas Corpus" **(Doc. 31)** be dismissed without prejudice.

Finally, we will recommend that Plaintiff's 1-page Motions for Appointment of Counsel (Docs. 28 & 29) be denied since Plaintiff has not stated any cognizable claim against any Defendant and since Plaintiff's case, clearly does not have arguable merit in fact and law. *See Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)(citations omitted).

Additionally, we will recommend that Plaintiff 's 1-page Motion to Amend and Adjoin (Doc. 30) be denied since it is not understandable and since we are recommending that his case be dismissed with prejudice.

## IV. RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that Plaintiff's Amended Complaint (**Doc. 27)** be **DISMISSED WITH PREJUDICE**. It is also recommended that Plaintiff's Motions for Appointment of Counsel (**Docs. 28 & 29**) be denied. Additionally, it is recommended that Plaintiff's Motion to Amend and Adjoin (**Doc. 30**) be denied. Finally, it is recommended that Plaintiff's 2-page document entitled "Habeas Corpus" **(Doc. 31)** be **DISMISSED WITHOUT PREJUDICE**.

                                 **s/ Thomas M. Blewitt**
                                 **THOMAS M. BLEWITT**
                                 **United States Magistrate Judge**

**Dated: November 19, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ABRAHAM CRUZ, : CIVIL ACTION NO. **1:CV-12-1403**
:
    Plaintiff :   (Judge Rambo)
:   (Magistrate Judge Blewitt)
:
v. :
:
FRANKLIN COUNTY JAIL, *et al.*, :
:
    Defendants :

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 19, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses

or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 19, 2012**