IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ABRAHAM CRUZ, : CIVIL NO. 1:12-CV-1403
    Plaintiff :
                   : (Judge Rambo)
    v. : (Magistrate Judge Blewitt)
FRANKLIN COUNTY JAIL, *et al.*, :
    Defendants :

**M E M O R A N D U M**

**I.**      **Background**[1]

On July 20, 2012, Plaintiff Abraham Cruz, formerly an inmate at the Franklin County Jail in Chambersburg, Pennsylvania, then an inmate at the Manhattan Correctional Center ("M.C.C.-New York"), and presently an inmate at the Perry County Prison in New Bloomfield, Pennsylvania, filed a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff named the following three Defendants in his Complaint: Daniel Keen, Warden of the Franklin County Jail; Dominick L. DeRose, Warden of the Dauphin County Prison; and the unnamed Warden of the Allegheny County Prison. Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* on July 30, 2012, which was not the proper form. (Doc. 4). On August 16, 2012, the magistrate judge issued an Order directing the Clerk of Court to issue a 30-Day Administrative Order for a civil rights case, and on the same day, a 30-Day Administrative Order for a civil rights case was issued. Plaintiff was directed to file the proper civil rights Motion for Leave to Proceed *in forma pauperis*. (Docs. 6 & 7.) Plaintiff filed the proper civil rights Motion for Leave to Proceed *in*

---

[1]Part of the background of this memorandum is largely adopted from the Report and Recommendation of the magistrate judge (Doc. 32 at pp. 1-2).

*forma pauperis* on August 24, 2012. (Doc.16.) Additionally, on August 21, 2012, Plaintiff filed a 1-sentence Motion to Change Venue with attached exhibits and a 1-sentence Motion for Appointment of Counsel. (Docs. 9 & 10.) Plaintiff further filed a Motion to Oppose Deleted Inappropriate 30-Day Administrative Order directing him to file the §1983 Motion for Leave to Proceed *in forma pauperis*. (Doc. 14.) Plaintiff stated that his case was a 28 U.S.C. §2254 habeas petition and not a 42 U.S.C. §1983 civil rights action, and thus his original Motion for Leave to Proceed *in forma pauperis* (Doc. 4) for a habeas petition was the proper form.

On August 29, 2012, Magistrate Judge Blewitt filed a report and recommendation in which he recommended that (1) Plaintiff's complaint (Doc. 1) be dismissed with prejudice; (2) Plaintiff's motion for change of venue (Doc. 9) be granted with respect to all of Plaintiff's claims arising in Allegheny County and that Plaintiff be directed to file all of his claims arising in Allegheny County in the United States District Court for the Western District of Pennsylvania; (3) Plaintiff's motion to oppose deleted inappropriate 30-day administrative order directing him to file the § 1983 motion for leave to proceed *in forma pauperis* (Doc. 14) be denied; (5) Plaintiff's *in forma pauperis* motion be granted; and (6) Plaintiff's complaint be dismissed without prejudice to file an amended complaint by October 11, 2012.

This court adopted the report and recommendation on September 11, 2012. Because it appeared that Plaintiff had not received the report and recommendation and this court's order adopting the report and recommendation, the time for Plaintiff to file an amended complaint was extended to November 5, 2012. Plaintiff filed the amended complaint on November 9, 2012, along with several other motions. The magistrate judge reviewed the complaint pursuant to the Prison Litigation Reform Act and filed another report and recommendation on November

2

19, 2012. (Doc. 32.) Plaintiff has filed objections to the report and recommendation and the matter is ripe for disposition.

**II.        Discussion**

In the report, the magistrate judge noted that in his amended complaint, Plaintiff again named as defendants Franklin County Jail, Dauphin County Prison, and the Allegheny County Prison. The latter Defendant was previously dismissed and Plaintiff was directed to file claims against Allegheny County Prison in the United States District Court for the Western District of Pennsylvania. As to the claims against Franklin County Jail and Dauphin County Prison, the magistrate judge found that a county prison is not a proper defendant in a § 1983 civil rights action. The magistrate judge further found that Plaintiff failed to state a cause of action against Franklin and Dauphin Counties under *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978).

In addition, the magistrate judge found that any claims concerning conditions of confinement at M.C.C. New York should be brought before the United States District Court for the Eastern District of New York. Further, that the amended complaint "lacks sufficient allegations as to any properly named Defendant and that it fails to state what any state actor Defendant personally did to violate Plaintiff's constitutional rights and how he or she was personally involved in the stated challenged restrictions placed on Plaintiff." (Doc. 32 at p. 15.)

The magistrate judge recommended that (1) Plaintiff's amended complaint (Doc. 27) be dismissed with prejudice; (2) Plaintiff's motions for appointment of counsel (Docs. 28 & 29) be denied; (3) the motion to amend and

adjourn (Doc. 30) be denied; and (4) the two-page document entitled "Habeas Corpus" be dismissed without prejudice.[2]

Plaintiff's objections to the report and recommendation were filed on January 25, 2013 (Doc. 36). As in all previous filings, Plaintiff's pleadings are not understandable; appear to object to the designation of the causes of action labeled by the magistrate judge; some objections are in reference to Plaintiff's pending criminal case and overall objects to the court proceedings in his case. His objections are mostly not understandable.[3]

**III.** **Conclusion**

Based on the foregoing discussion, the report and recommendation of Magistrate Judge Blewitt (Doc. 32) will be adopted. An appropriate order will be issued.

                                               s/Sylvia H. Rambo
                                               United States District Judge

Dated: February 14, 2013.

---

[2] The "habeas petition" pertains to a criminal proceeding pending in the Middle District of Pennsylvania docketed to number 1:11-CR-242.

[3] An incompetency hearing regarding Abraham Cruz in his criminal case was held on February 11, 2013 before Judge Conner of the Middle District of Pennsylvania.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ABRAHAM CRUZ,** : CIVIL NO. 1:12-CV-1403
:
    **Plaintiff** : (Judge Rambo)
:
**v.** : (Magistrate Judge Blewitt)
:
**FRANKLIN COUNTY JAIL,** *et al.*, :
:
    **Defendants** :

# O R D E R

AND NOW, this 14th day of February, 2013, **IT IS HEREBY ORDERED THAT:**

    1) The court adopts the report and recommendation of Magistrate Judge Blewitt (Doc. 32).

    2) Plaintiff's amended complaint (Doc. 27) is dismissed with prejudice.

    3) Plaintiff's motions for appointment of counsel (Docs. 28 & 29) are denied.

    4) Plaintiff's motion to amend and adjourn (Doc. 30) is denied.

    5) Plaintiff's filing entitled "Habeas Corpus" (Doc. 31) is dismissed without prejudice.

    6) The Clerk of Court shall close the file.

    7) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

                                                          s/Sylvia H. Rambo
                                                         United States District Judge

Dated: February 14, 2013.